IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


KENNY W. HEISTAND,

        **Plaintiff,**

    v.                        CASE NO. 11-3040-SAC

HAROLD COLEMAN, et al.,

        **Defendants.**

## MEMORANDUM AND ORDER

This civil rights complaint, 42 U.S.C. § 1983, was filed pro se by an inmate of the Lansing Correctional Facility, Lansing, Kansas (LCF). The named defendants are "Bourbon County, Kansas"; employees of Bourbon County Sheriff's Department: Sheriff Harold Coleman, Deputy Sheriff Ron Gray, Deputy Michael Feagins, Deputy Dion O'Dell; and employees of the Bourbon County Jail: Corrections Officer (CO) Jimmy Nichols; CO Elbert Parker; Darrell Spencer, Director of Security.

## FACTUAL ALLEGATIONS AND BACKGROUND

As factual support for his complaint, Mr. Heistand discusses various criminal charges that have been brought against him in Bourbon County, Kansas, and refers to six different state district court cases. Case No. 05CR33 involved his arrest for misdemeanor battery and assault in January 2005. He alleges that these charges were subsequently dismissed. Case No. 05CR47 involved charges for drug possession, which he alleges arose from defendants planting drugs upon him during his arrest in the prior case. He states that

these charges were subsequently dismissed. Case No. 05CR71 involved charges of criminal sexual abuse for which plaintiff was arrested in February 2005. He alleges that the victim fabricated the charges and the investigation by defendants was a "complete sham." He does not provide facts as to the ultimate disposition of these charges. Case No. 08CR20 apparently culminated from events that occurred in August 2006, when defendant CO Parker shot plaintiff with a taser and allegedly fabricated allegations to justify this use of force. Plaintiff was charged with "Battery on LEO" in January 2008, and that this charge was subsequently dismissed.

On-line records on the status of Kansas Department of Corrections offenders indicate that plaintiff has two active sentences: Case No. 05CR82 in which he was convicted of Battery Against Correctional Officer and Case No. 05CR130 in which he was convicted of Traffic Contraband - Correctional Institution. Plaintiff alleges that Case No. 05CR82 involved a physical altercation between defendant Nichols and plaintiff in his cell on in February 2005. He alleges that Nichols hit him in the face, and then falsified reports to say that plaintiff struck him, causing plaintiff to be charged with battery on a law enforcement officer. Plaintiff alleges that Case No. 05CR130 involved defendant Nichols allegedly planting contraband in plaintiff's cell, which led to plaintiff being charged with trafficking contraband into a correctional institution. He also alleges that defendants Nichols and O'Dell gave false testimony at the preliminary hearing and trial.

**CLAIMS**

Plaintiff makes numerous general allegations including that "Bourbon County law enforcement, corrections officers and unnamed coconspirators" conspired "to fabricate allegations, manufactured, concealed exculpatory evidence, falsify charges, maliciously prosecute and convict plaintiff." He sets forth 15 counts, many with repetitive, conclusory allegations and claims. He asserts that defendants conspired to deprive him of his constitutional rights to due process, a fair trial, access to the courts and counsel, and to be free from unreasonable seizure and cruel and unusual punishment. He also asserts false arrest, malicious prosecution, failure to investigage, fraudulent investigations, mishandling and fabrication of evidence, suppression of exculpatory evidence, and wrongful conviction and imprisonment. He claims investigations were designed to prove a case against him despite his actual innocence. Plaintiff also generally claims failure to properly train, instruct, and sanction employees with regard to use of police power, investigation and interrogation, initiation of criminal charges, accurate and truthful testimony in criminal cases, and prosecution of alleged crimes in the State of Kansas. In addition he claims failure to take remedial action against known pattern of misconduct. Plaintiff also generally asserts that Bourbon County policies, practices, and customs deprived him of his constitutional rights; and that, at a minimum, supervisors and "the government units" were deliberately indifferent to constitutional violations. He claims that the County acted in concert with the Correctional Officers and the Sheriff's Department, and that the "overt acts" were continuing in nature.

More specific allegations by plaintiff include that defendant Nichols enticed another inmate to snitch and fabricate testimony

against plaintiff, and that exculpatory evidence was withheld and mishandled that included recordings of plaintiff's discussions with the inmate that testified against him at trial. Heistand also complains of mental health screening and alleges that a mistrial was declared, he was sent to Larned State Hospital for a mental evaluation, and that case was subsequently dismissed. Plaintiff further alleges that defendants interfered with his counsel's ability to provide effective assistance of counsel. In support of this claim, he alleges that the defendants monitored his discussions at the jail with his attorney regarding his criminal cases "on numerous occasions" and interfered with his attempts to contact his attorney by phone. He also claims that in May 2005 defendants listened in on his conversations with his investigator. He alleges that judicial complaints were falsely filed against his retained attorney and his investigator, his attorney withdrew, and he had to rely on court-appointed counsel.[1]

Plaintiff claims that defendants' acts caused him to be falsely prosecuted, and imprisoned for six years with the resulting loss of his freedom, companionship, and income. He also claims he has suffered severe emotional distress, humiliation, anguish, financial loss, damage to his reputation, physical and mental pain, and fear. He seeks compensatory damages and punitive damages.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

---

[1] The court takes judicial notice of a prior case filed by Mr. Heistand in this court in which he complained about interference with his counsel. See Heistand v. Coleman, et al., Case No. 08-3239-CM (D.Kan. March 25, 2010)(dismissal with prejudice). Plaintiff may not raise any claims herein that were already litigated in his prior case.

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2), and has attached an Inmate Account Statement in support as statutorily mandated. Under 28 U.S.C. § 1915(b)(1), a plaintiff granted such leave is not relieved of the obligation to pay the full fee of $350.00 for filing a civil action. Instead, being granted leave to proceed in forma pauperis merely entitles an inmate to proceed without prepayment of the full fee, and to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).[2] Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account has been $ 140.92, and the average monthly balance has been $ 70.24. The court therefore assesses an initial partial filing fee of $ 28.00, twenty percent of the average monthly deposit, rounded to the lower half dollar. Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court. His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

---

[2] Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined will be directed to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff will be directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**SCREENING**

Because Mr. Heistand is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The court employs the same standard for dismissal under § 1915(e)(2)(B)(ii) as that used for motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007). To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). Put another way, there must be "enough facts to state a claim to relief that is plausible on its face." Id. at 570. The court accepts all well-pleaded allegations in the complaint as true and considers them in the light most favorable to the nonmovant. Anderson v. Blake, 469 F.3d 910, 913 (10th Cir. 2006). "[W]hen the allegations in a complaint, however

6

true, could not raise a claim of entitlement to relief," dismissal is appropriate. Twombly, 550 U.S. at 558. The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555. Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**CLAIMS BASED UPON DISMISSED CHARGES**

With respect to those charges in four distinct state criminal cases that Mr. Heistand alleges were dismissed and did not result in convictions, he has not alleged sufficient facts to show a plausible claim to relief. He does not provide the dates upon which each criminal proceeding was terminated in his favor or the circumstances that led to each dismissal. The dismissal of charges, standing alone, does not establish that the arrest was false or that the prosecution was malicious.[3] For example, if the arrest was upon probable cause, or the dismissals were part of a plea agreement, were during or after trial on the charges, or were followed by a refiling of those charges, then it is not plausible that plaintiff can show a federal constitutional violation. Plaintiff also fails

---

[3] "A § 1983 malicious prosecution claim requires the following elements: '(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) there was no probable cause to support the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages'." See Wilkins v. DeReyes, 528 F.3d 790, 799 (10th Cir. 2008); Thorpe, 367 Fed.Appx. at 920 (citing Novitsky v. City of Aurora, 491 F.3d 1244, 1258 (10th Cir. 2007)). "The plaintiff has the burden of proving a favorable termination." Wilkins, 528 F.3d at 803 (citing Washington v. Summerville, 127 F.3d 552, 557 (7th Cir. 1997)). To establish a malicious-prosecution claim under § 1983, the plaintiff must show that there was a seizure, that is arrest or imprisonment, and that the defendant initiated or continued a proceeding against him without probable cause. See Becker v. Kroll, 494 F.3d 904, 913-915 (10th Cir. 2007). "Unlike a false arrest or false imprisonment claim, malicious prosecution concerns detention only after the institution of legal process." Wilkins, 528 F.3d at 798 (internal quotation omitted).

to allege facts showing the personal participation of each named defendant in the numerous complained-of acts. Mr. Heistand will be given time to allege additional facts, rather than conclusory allegations, sufficient to state a federal constitutional violation and to show the personal participation of each named defendant taken in connection with each dismissed charge.

In any event, it plainly appears from the face of the complaint that most if not all of Mr. Heistand's claims on dismissed charges are barred by the applicable statute of limitations. The statute of limitations applicable to §§ 1983 and 1985 actions is determined from looking at the appropriate state statute of limitations and governing tolling principles. See Hardin v. Straub, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. In Kansas, that is the two-year statute of limitations in Kan.Stat.Ann. § 60-513(a)." Brown v. Unified School Dist. 501, Topeka Public Schools, 465 F .3d 1184, 1188 (10th Cir. 2006)(citations omitted); see United States v. Kubrick, 444 U.S. 111, 120 (1979); Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991). The same two-year statute of limitations governs actions under 42 U.S.C. § 1985. See Alexander v. Oklahoma, 382 F.3d 1206, 1212 (10th Cir.), rehearing denied, 391 F.3d 1155 (10th Cir. 2004), cert. denied, 544 U.S. 1044 (2005). Under K.S.A. § 60-514 there is a one-year statute of limitation for claims of malicious prosecution, false arrest, and false imprisonment.

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is

a question of federal law." Wallace v. Kato, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." Id. at 388 (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." Fogle, 435 F.3d at 1258 (internal quotation marks and citation omitted); see Thorpe v. Ancell, 367 Fed.Appx. 914, (10th Cir. 2010)(unpublished). A district court may dismiss a complaint filed by an IFP plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. Fogle v. Pierson, 435 F.3d 1252, 1258-59 (10th Cir.2006)(citing Jones v. Bock, 549 U.S. 199, 214 (2007)), cert. denied, 549 U.S. 1059 (2007); Hawkins v. Lemons, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D.Kan. Aug. 12, 2009).

Most of the acts complained of in the complaint in connection with dismissed charges must have occurred in 2005 or before, since all but one of the dismissed charges were in 2005 criminal cases.[4] Plaintiff's claims based upon these acts therefore appear to have accrued sometime in 2005, and the two-year statute of limitations began running under Kansas law at that time. It thus appears that any events or acts of defendants taken in connection with the dismissed charges took place more than two years prior to the filing of plaintiff's complaint and are time-barred. See Fratus v. Deland, 49 F.3d 673, 674-75 (10th Cir. 1995)(district court may consider affirmative defenses sua sponte when the defense is obvious from the face of the complaint.). The same is true as to plaintiff's 2008

---

[4] Plaintiff's bald statement that defendants' acts are "continuing in nature" is not sufficient to extend the limitations period.

case, if it was dismissed. The statute of limitations has expired with respect to Mr. Heistand's claims based on events in connection with dismissed charges that occurred prior to February 9, 2009. Plaintiff does not allege facts suggesting that he would be entitled to statutory or equitable tolling.

Likewise, plaintiff's claims of false arrest, false imprisonment, and malicious prosecution appear to be barred by the applicable one-year statute of limitations. Thus, if the charges on which these claims are based were dismissed prior to February 9, 2010, as appears likely, then plaintiff's claims based upon those events are barred by the one-year statute of limitations. Plaintiff will be given time to show cause why these claims should not be dismissed as barred by the applicable statute of limitations.

**CHALLENGES TO CONVICTIONS**

With respect to those charges upon which Mr. Heistand was actually convicted, any of his claims that call into question the validity of his outstanding convictions are premature under Heck v. Humphrey, 512 U.S. 477 (1994). The Supreme Court in Heck, established a rule of "deferred accrual" for some actions:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-487 (footnote omitted); see Wallace v. Kato, 549 U.S.

10

384, 392-393 (2007). The Court in Wallace elucidated "that the *Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment.' It delays what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn." Id. at 393. In Heck, the Supreme Court held that when a prisoner seeks damages in a suit filed pursuant to 42 U.S.C. § 1983, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487 (damages).

Mr. Heistand's claims regarding his active cases clearly impugn the validity of those state court convictions, which have not been overturned. Because judgment for damages on plaintiff's claims of improper investigations, fabricated evidence, false testimony, withholding and mishandling of evidence, and interference with counsel would necessarily imply the invalidity of plaintiff's convictions in 05CR82 and 05CR130, these claims will not accrue, and are therefore barred, unless and until Mr. Heistand achieves a favorable termination by having those convictions reversed through proper process. See Heck v. Humphrey, 512 U.S. at 487; Roth v. Green, 466 F .3d 1179, 1189-90 (10th Cir. 2006), cert. denied, 552 U.S. 814, (2007). Accordingly, all plaintiff's claims for relief that challenge the initiation of charges, the investigation, his arrest, the testimony and other evidence, and the trials leading to those convictions must be dismissed without prejudice under Heck.

See Parris v. United States, 45 F.3d 383, 384 (10th Cir. 1995) (dismissing federal civil claims pursuant to Heck where the plaintiff alleged that the government's evidence was fabricated and that the prosecution witnesses committed perjury); Ames v. Oklahoma, 158 Fed. Appx. 114, 117 (10th Cir. 2005) (Heck applied to bar inmate's 1983 claim of illegal confinement based upon allegations of use of false testimony, planted evidence and the destruction of favorable evidence).

Furthermore, even though plaintiff requests money damages only, his claims regarding his active cases, including that he is wrongfully incarcerated and is innocent, are in the nature of habeas corpus challenges to his state convictions. It is well-settled that review of the validity of state convictions may be had in federal court only by way of the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and that before plaintiff may obtain federal habeas review, he must have fully exhausted all available state court remedies.[5]

Plaintiff is given time to pay the assessed initial partial filing fee and cure the foregoing deficiencies in his complaint. If he fails to adequately respond within the time provided, this action may be dismissed without further notice.

The court notifies Mr. Heistand that if his claims are dismissed as barred by the statute of limitations and by Heck, the dismissal will be for failure to state a claim and this action will

---

[5] The court notes that the filing of a § 2254 petition at this time by Mr. Heistand might be second and successive, in which event he is required to first obtain authorization from the Tenth Circuit Court of Appeals.

constitute a strike for purposes of 28 U.S.C. § 1915(g).[6] See Smith v. Veterans Administration, ___F.3d___, *5, 2011 WL 692969 (10th Cir. 2011)(and cases cited therein).

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 28.00. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty (30) days, plaintiff must cure the deficiencies in his complaint or show cause why this action should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated this 14th day of April, 2011, at Topeka, Kansas.

                                        s/Sam A. Crow
                                        U. S. Senior District Judge

---

[6] Section 1915(g) of 28 U.S.C. provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.